Lawrence A. FASSLER Petitioner—
Appellant

v.

John PENDLETON, Warden
Respondent—Appellee

No. 01–16168.
D.C. No. CV–00–510–TUC–WDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 14, 2002.

Decided April 29, 2002.

Before HUG and TASHIMA, Circuit

Judges and SEDWICK, District Judge.*

## MEMORANDUM **

Lawrence Fassler ("Fassler") appeals the district court's denial of his petition for writ of habeas corpus challenging the U.S. Parole Commission's ("Commission") revocation of his parole. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review *de novo* the district court's denial of Fassler's petition for a writ of habeas corpus. *McLean v. Crabtree*, 173 F.3d 1176, 1180 (9th Cir.1999); *Bono v. Benov*, 197 F.3d 409, 411 (9th Cir.1999) (reviewing the district court's findings of fact for clear error). Our review of the Commission's decision to revoke Fassler's parole, however, is very narrow; we consider only whether the Commission exceeded its statutory authority or violated the constitution. *Wallace v. Christensen*, 802 F.2d 1539, 1551–52 (9th Cir.1986). We affirm in part and reverse in part and remand to the Commission for a redetermination of the penalty to be imposed in light of our reversal. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

## I. Procedural Due Process

Fassler argues that his due process rights were violated because the Commission delayed in holding a parole revocation hearing. He also raised this argument in his prior petition for habeas corpus, Case. No. 00–15675. Because we addressed this matter in a previous memorandum disposition, and Fassler fails to demonstrate "cause and prejudice" or that our refusal to hear the matter would result in a "miscarriage of justice," we will not reconsider it here. *See Campbell v. Blodgett*, 997 F.2d 512, 524 (9th Cir.1992).

█ Fassler next argues that the Commission denied him due process of law when it failed to notify him of the exact law he allegedly violated. A parolee is entitled to "written notice of the claimed violations of parole." *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The notice must be effective. *U.S. v. Havier*, 155 F.3d 1090, 1093 (9th Cir.1998). Contrary to Fassler's argument, the Commission was not required to cite a specific statutory section. The notice needed only to insure that he understood the nature of the alleged violation. *U.S. v. Sesma–Hernandez*, 219 F.3d 859, 860 (9th Cir.2000). Here, the warrant application gave Fassler sufficient notice to make him aware of the specific crime against which he had to defend. Thus, we find that Fassler was given proper notice.

Fassler also argues that he was denied his due process right to confront the primary witness, Charlotte Royer ("Royer"). Although a parolee's due process rights include the right to confrontation and cross-examination, *Morrissey*, 408 U.S. at 489, that right is conditional. The parolee must request confrontation and, even if that is done, the Commission may consider hearsay evidence if it finds "good cause" for a witness's failure or inability to appear for cross-examination. 18 U.S.C. § 4214(a)(2)(D); 28 C.F.R. § 2.50(c). Whether that right has been violated is determined by balancing the parolee's interest in confrontation against the "good cause" offered by the Commission. *U.S. v. Comito*, 177 F.3d 1166, 1170 (9th Cir.

---

* Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1999).[1]

■ We find that the Commission did not violate Fassler's right to confrontation. Although Fassler had a strong interest in confronting Royer, the Commission provided sufficient "good cause" for her failure to appear. The Commission documented its unsuccessful attempts to contact Royer after Fassler requested her presence at the hearing. The cases cited by Fassler showing lack of "good cause" are distinguishable. *See id.*, at 1172 (finding no "good cause" where the government failed to show that its reason for not producing the witness was reasonable). Moreover, there are sufficient guarantees of trustworthiness such that we reject Fassler's contention that the hearsay testimony is unreliable. First, Barry Sullivan's statement to the police corroborates Royer's statement. *U.S. v. Portalla*, 985 F.2d 621, 624 (1st Cir.1993) (finding the police officer's testimony relating to the victim's statement sufficiently reliable because of corroborating evidence); *see also U.S. v. Pratt*, 52 F.3d 671, 675 (7th Cir.1995) (finding hearsay testimony reliable where corroborated by victims' written statements, police reports, photographs, and other evidence). Further, Fassler has not suggested that Royer had any motive for fabricating her story. In light of the conditional nature of a parolee's right to confrontation, the admission of the hearsay testimony did not violate Fassler's rights.

## II. Commission's Decision to Revoke Fassler's Parole

The degree of reliance on the testimony of witnesses and the evaluation of the credibility of those witnesses is within the discretion of the Commission. *Roberts v. Corrothers*, 812 F.2d 1173, 1179–80 (9th Cir.1987) ("Where the Commission properly had evidence before it, ... the evaluation of that evidence is almost entirely at its discretion.") Thus, we will not review the Commission's findings that Fassler failed to report his arrest and its determination that Royer was a credible witness because there is some evidence in the record to support its findings. *Corrothers*, 812 F.2d at 1181–82; *Wallace*, 802 F.2d at 1546. We do, however, review the Commission's findings that Fassler violated the conditions of his parole to determine if they were "so arbitrary as to be outside the boundary imposed by the preponderance of evidence standard." *Corrothers*, 812 F.2d at 1180.

■ The Commission may revoke parole if it makes an independent finding by a "preponderance of the evidence" that the parolee has violated a condition of his parole such as engaging in new criminal conduct. 18 U.S.C. § 4214(d). Here, the Commission's finding that Fassler committed child molestation in violation of state law was not outside the bounds of the preponderance of the evidence standard. A person commits this crime by "knowingly engaging in or causing a person to engage in sexual contact, except sexual contact with the female breast, with a child under fifteen years of age." Ariz.Rev.Stat. § 13–1410(A). "Sexual contact" is defined as "any direct or indirect touching, fondling, or manipulating of any part of the genitals, [or] anus ... by any part of the body or by any object." Ariz.Rev.Stat. § 13–1401(2).

1. We do not consider whether the introduction of the police report with the statement of Sullivan violated Fassler's due process right to confront and cross-examine adverse witnesses because Fassler failed to raise this issue in his petition for habeas corpus. *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir.1995) ("As a general rule, 'a federal appellate court does not consider an issue not passed upon below.'") (quoting *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)).

Royer's statements that Fassler forced his hands down her pants is evidence that supports the Commission's conclusion that he committed child molestation.

■ The Commission's finding that Fassler violated the Arizona law against sexual exploitation is unsupported by the record. State law proscribes the photographing or distribution of "any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct." Ariz.Rev.Stat. § 13–3553(A)(1)–(2). "Exploitive exhibition" is the "exhibition of the genitals or pubic or rectal areas … for the purpose of sexual stimulation …." Ariz.Rev.Stat. § 13–3551(4). Royer and Sullivan both told the police about nude photos that Fassler took of Royer. The problem is that none of the evidence before the Commission suggests that any of these photographs exhibited genitals or the pubic or rectal areas. The photos in which a stuffed animal blocked her pubic region do not. That "nude" photos were taken is inadequate to support a conclusion that the genitals or pubic or rectal area was exposed. The photos were not in evidence and a "nude" photo might or might not include a view of the genitals or pubic or rectal areas. Similarly, the description of the photos in the record does not show "sexual conduct" by the minor. Thus, we reverse this finding of the Commission.

Because we find that the Commission's decision to revoke was supported by evidence of at least one law violation and Fassler's failure to report the arrest, we affirm the district court's decision. However, because we reverse the Commission's finding of sexual exploitation, we remand to the Commission to redetermine the penalty in light of this reversal. Each party shall bear his or its own costs.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.